NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 28 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SUSAN E. ALLEN,

        Plaintiff - Appellant,

  v.

LELAND DUDEK, Acting Commissioner
of Social Security,

        Defendant - Appellee.

No. 24-2927

D.C. No.
2:22-cv-02154-JAT

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted April 8, 2025
San Francisco, California

Before: SCHROEDER, PAEZ, and MILLER, Circuit Judges.

Susan Allen appeals the district court's order affirming the Commissioner of

Social Security's denial of her application for disability benefits under the Social

Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review the

agency's legal conclusions de novo and its factual findings for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

evidence. *See Ford v. Saul*, 950 F.3d 1141, 1153–54 (9th Cir. 2020). We reverse the judgment of the district court and remand with instructions to remand to the Commissioner of Social Security for further proceedings.

The administrative law judge (ALJ) found that Allen had the residual functional capacity to perform light work, despite Allen's claim that her fibromyalgia, among other conditions, caused too much pain to allow her to engage in that level of activity. Fibromyalgia is a "rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other tissue," and typical symptoms include global chronic pain, fatigue, and stiffness. *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017) (quoting *Benecke v. Barnhart*, 379 F.3d 587, 589 (9th Cir. 2004)). It is an "unusual" disease in that "those suffering from it have 'muscle strength, sensory functions, and reflexes [that] are normal.'" *Id.* (alteration in original) (quoting *Rollins v. Massanari*, 261 F.3d 853, 863 (9th Cir. 2001) (Ferguson, J., dissenting)). "In evaluating whether a claimant's residual functional capacity renders [the claimant] disabled because of fibromyalgia, the medical evidence must be construed in light of fibromyalgia's unique symptoms and diagnostic methods," including that "[t]he condition is diagnosed 'entirely on the basis of patients' reports of pain and other symptoms.'" *Id.* at 662, 666 (quoting *Benecke*, 379 F.3d at 590).

The ALJ rejected Allen's testimony about the severity of her symptoms on the ground that her testimony was inconsistent with the medical evidence. The ALJ gave four reasons for rejecting Allen's testimony, but none is supported by substantial evidence. First, the ALJ found that Allen "has not generally received the type of medical treatment one would expect for a totally disabled individual." Allen, however, has received several forms of intensive treatment for her pain, including the maximum dose of narcotic medication. Second, the ALJ found that Allen's "medications have been relatively effective in controlling" her symptoms. While the evidence shows that her medication regimen has reduced her pain to some degree, the evidence does not show that it reduced her pain to a level low enough to be inconsistent with her symptom testimony. Third, the ALJ found that Allen's "examinations demonstrate greater functioning than" she described because they "generally showed normal gait and posture," as well as normal reflexes and no muscle weakness or atrophy. But "normal muscle strength, tone, and stability, as well as a normal range of motion," are all "perfectly consistent with debilitating fibromyalgia." *Revels*, 874 F.3d at 666. Fourth, the ALJ found that Allen's "many reportedly intact activities of daily living" were inconsistent with the limitations to which she testified. The evidence, however, reflects that Allen's activities were significantly limited by her pain. For example, although Allen was able to cook quick meals and do certain cleaning tasks, her daughters

3                                                              24-2927

and husband often cooked and cleaned for her because of her pain levels. Thus, substantial evidence does not support the ALJ's rejection of Allen's testimony based on those purported inconsistencies.

In addition, the ALJ afforded no weight to the opinion of Allen's treating physician. *See Revels*, 874 F.3d at 654 (holding that the medical opinion of a claimant's treating doctor is ordinarily given "controlling weight" (quoting 20 C.F.R. § 404.1527(c)(2))). None of the reasons the ALJ gave for doing so is supported by substantial evidence. The ALJ found that the physician's opinion was "inconsistent with the evidence showing that" Allen's "medication helped to relieve pain" and that Allen had "normal gait, sensation, and reflexes." Those were insufficient bases to reject the physician's opinion for the same reasons they were insufficient to reject Allen's testimony. The ALJ also discounted the physician's opinion because it was based on Allen's "subjective reports of pain." But because a claimant's subjective reports of pain form the basis for diagnosing fibromyalgia, they can also properly form the basis for assessing the limitations of a claimant who suffers from the disease. *See id.* at 663, 665–66.

**REVERSED and REMANDED.**